UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXANDER BUCKLES,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No: 6:13-cv-1198-Orl-36TBS

FOCUS ON INNOVATION, INC., FOCUS ON SURETY, LLC and DANIEL BUCKLES,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion for Default. (Doc. 15). Plaintiff Alexander Buckles seeks entry of default against Defendant Focus on Innovation, Inc. ("FOI"), one of three defendants in this case. This motion is due to be **DENIED**.

On August 8, Plaintiff brought a ten count complaint against FOI, Focus on Surety LLC (FOS), and Daniel Buckles. (Doc. 1). Daniel Buckles is the president of FOI, a managing member of FOS, the registered agent of both FOS and FOI, and Plaintiff's father. (Id., ¶ 2). The complaint asserts one count against FOI, five counts against FOS, and four counts against Daniel Buckles. (Id., ¶¶ 25-91).

On August 12, Daniel Buckles was served with three separate summonses–one for each defendant. (Docs. 8–10). On August 27, the same attorney entered her appearance on behalf of all three defendants (Doc. 11) and promptly filed a Motion to Dismiss Count II, Count III, Count V, Count VI, Count IX, and Count X of the Complaint. (Doc. 12). On September 10, Plaintiff filed both his response in opposition to the Motion to Dismiss (Doc. 14) and this Motion for Default (Doc. 15). The motion for Default, argues

that FOI is in default because it failed to respond to the only count directed against it before the 21-day deadline provided in Rule 12 of the Federal Rules of Civil Procedure. (Doc 15, p. 1).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." Kelly v. Florida, 233 Fed. Appx. 883, 885 (11th Cir. 2007); Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 685 (N.D. Iowa 1995).

Service on a corporation is proper if made on the corporation's registered agent. FED. R. CIV. P. 4(h)(1), (e)(1).[1] Here, service was effected on Daniel Buckles, FOI's registered agent, on August 12, 2013. (Doc. 8). Rather than addressing the summons to "Focus!...On Innovation, Inc., c/o Daniel T. Buckles, Registered Agent," Plaintiff addressed the summons to "Buckles, Daniel T., as Registered Agent of [FOI]." (Docs. 2, 8). The Court finds this breach of custom does not render service defective, because the summons was still "directed to" FOI. FED. R. CIV. P. 4(a)(1)(B). Cf. Spears v. Dep't of Revenue, No. 06-4087-RDR, 2007 WL 1455877 (D. Kan. May 15, 2007) (rejecting argument that summons was not "directed to" the State of Kansas, where plaintiff named "State of Kansas, Department of Revenue . . . a state agency" as defendant and served

---

[1] The federal rules provide that service can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" FED. R. CIV. P. 4(h)(1), (e)(1). Defendant FOI is a Florida corporation. (Doc. 1 ¶ 2). In the state of Florida, "[a] corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. As an alternative, process may be served on the agent designated by the corporation as its registered agent." Mid-Continent Cas. Co. v. Harbor Springs Constr., Case No. 2:10-cv-330-Ftm-29SPC, 2010 U.S. Dist. LEXIS 92412, at *2 (M.D. Fla. Aug. 26, 2010) (citing FLA. STAT. § 48.081(1)(a-d), (3)(a)).

summonses on "Joan Wagnon, Secretary–State of Kansas, Department of Revenue" and "Phill Kline, Attorney General–State of Kansas"). In the alternative, if the summons is defective, the Court finds that the defect is merely technical, that Plaintiff has substantially complied with the requirements of Rule 4(a), and that FOI has not been prejudiced by the defect. See Drill South, Inc. v. Int'l Fidelity Ins. Co., 234 F.3d 1232, 1238 (11th Cir. 2000). Moreover, FOI has waived any objection by appearing and joining the motion to dismiss. See FED. R. CIV. P. 12(h)(1).

Accordingly, FOI was obliged to "answer or otherwise defend" within the time periods set forth in Rule 12. FOI argues that by joining the Motion to Dismiss), it has "defend[ed]" and thus has not defaulted. (Doc. 18). FOI also contends that its joining in the Motion to Dismiss entitles it to an extension of time to answer under the Rules. See FED. R. CIV. P. 12(a)(4) ("[S]erving a motion under this rule alters [the 21-day deadline to answer] as follows: . . . if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's actions."). Plaintiff argues that joining the Motion to Dismiss doesn't count as "defend[ing]," because the Motion to Dismiss fails to seek dismissal of the only count Plaintiff asserts against FOI. (Doc. 15).

A defendant who raises a Rule 12(b) motion against some, but not all, counts asserted against him is entitled to an extension of time to respond to the entire complaint. See Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F. Supp. 2d 598, 638-39 (N.D. Iowa 2006) (cataloguing cases). This reading is consistent with the plain language of the rule as well as the purposes of the rules of civil procedure. Brocksopp Engineering, Inc. v. Bach-Simpson Ltd., 136 F.R.D. 485, 486-87 (1991). Requiring a party to file a partial answer would result in "duplicative sets of pleadings in the event that the 12(b) motion is

denied and causes confusion over the proper scope of discovery during the motion's pendency." Id. at 487 (citing 5A Wright & Miller, Federal Practice & Procedure § 1346 at p. 181 (1990)).

The rule applies in this case, although it isn't as clear as Defendants suggest. FOI doesn't actually seek any relief on the counts asserted against it in the Motion to Dismiss, and it will have to answer the complaint regardless of the Court's decision on the motion. A Rule 12(b) motion by one defendant does not relieve all other defendants of their duty to answer or otherwise defend. Hanley v. Volpe, 48 F.R.D. 387, 388 (E.D. Wis. 1970). That said, FOI has appeared jointly with the other Defendants through counsel and has filed two papers. The Defendants will likely file a joint answer and participate jointly in discovery. Allowing them to do so will further judicial economy and promote the "just, speedy, and inexpensive" resolution of this case. FED. R. CIV. P. 1. Under these circumstances, I conclude that Defendant's conduct qualifies as "otherwise defend[ing]" within the meaning of Rule 55(a). See Rashidi v. Albright, 815 F. Supp. 1354, 1356 (D. Nev. 1993); de Antonio v. Solomon, 42 F.R.D. 320 (D. Mass. 1967). Therefore, Plaintiff's motion is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record