UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXANDER BUCKLES,

    Plaintiff,

v.                                             Case No.  6:13-cv-1198-Orl-36TBS

FOCUS!...ON INNOVATION, INC., a Florida
corporation, FOCUS!...ON SURETY, LLC, a
Florida limited liability company, and DANIEL
BUCKLES,

    Defendants.
_____/

## ORDER

Pending before the Court is Defendants' Motion for Extension of Time to Respond to the Plaintiff's Discovery Requests (Doc. 29).  Plaintiff opposes the motion (Doc. 30).

Defendants proposed asking the District Judge to refer this case and a companion (No. 6:13-cv-1351-Orl-37KRS) to a Magistrate Judge for a settlement conference.  Plaintiff agreed, provided he received Defendants' responses to his initial round of written discovery in advance of the settlement conference.  On January 10, 2014, Defendants filed their unopposed motion for a magistrate judge settlement conference (Doc. 25).  In the motion Defendants represented that Plaintiff had no objection so long as the conference was held no earlier than March 1, 2014.  Plaintiff did not dispute this representation.

On January 13, 2014, the District Judge referred both cases to Magistrate Judge David A. Baker for a settlement conference to be conducted no earlier than

March 1, 2014.  On January 15, 2014, Judge Baker set both settlement conferences for March 15, 2014.  On January 29, 2014, Plaintiff served his first request for production and first set of interrogatories on Defendants.  Their responses are currently due no later than February 28, 2014.

Defendants seek a 30 day enlargement of time within to answer Plaintiff's discovery.  As grounds, they say this case is complex, the requested discovery is voluminous, they are engaged in significant electronic discovery efforts, the documents must be reviewed to protect against the disclosure of privileged information, and they are researching possible objections to some of the discovery requests.  These are valid reasons to seek an enlargement of time.  Defendants also argue that Plaintiff should not be heard to object to their motion because they previously granted him two extensions of time within to respond to their written discovery.  This is not a persuasive argument.

Plaintiff's lawyer, concerned that he not appear unprofessional or unreasonable, has assured the Court that the only reason he is opposing the motion is because of the unfairness of having to participate in a settlement conference where the Defendants have the benefit of his client's discovery, but Plaintiff does not have discovery from Defendants.  Counsel says it was this concern that caused him to condition his agreement to a settlement conference on his prior receipt of discovery from Defendants.  Now, Plaintiff's counsel feels that he has been duped by Defendants and he suggests one solution to this dispute would be to grant

Defendants' motion for extension while delaying the settlement conference until after Plaintiff receives his discovery.

The parties have agreed to mediation with a privately retained mediator on May 9, 2014. If the case settles in advance of mediation, the parties will avoid this expense.

The Court is not persuaded by Plaintiff's argument that if the motion is granted, he will be prejudiced. The Court was not informed that Plaintiff's agreement to a magistrate judge settlement conference was conditioned on his earlier receipt of Defendants' responses to his written discovery. Consequently, Plaintiff's receipt of the discovery is not a condition precedent ordered by the Court.

A settlement conference is a formal, non-binding, magistrate judge facilitated negotiation. The process is not about who is right and who is wrong, and the Court does not adjudicate the merits of any party's position. The object is not for the parties to find fault with each other; it is to attempt to find common ground upon which they can put their dispute to rest. Whether the parties agree, and if so, on what terms, is left to them. They are under no obligation to make an agreement and if they fail to agree, then while they will have invested their time, and the cost of their lawyers, they will be no better or worse off in the litigation than if the settlement conference had not occurred.

The Court can understand why Plaintiff might feel disadvantaged if he does not have Defendants' discovery in advance of the settlement conference, but the Court is not convinced that in fact, that will be the case. And, if the parties don't settle on

March 17, 2014, then Plaintiff should have Defendants' discovery prior to the mediation on May 9, 2014.  Therefore, Defendants' motion is GRANTED and they shall have through March 30, 2014 within to respond to Plaintiff's written discovery. This Court does not have the authority to reschedule the settlement conference and suggests the parties take any such requests to Judge Baker.

DONE AND ORDERED in Orlando, Florida, on February 26, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

All Counsel
Judge David A. Baker